FILED
United States Court of Appeals
Tenth Circuit

July 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAMELA ANN DOVER,

        Petitioner - Appellant,

v.

RON J. WARD,

        Respondent - Appellee.

No. 08-5026

(N.D. Oklahoma)

(D.C. No. 4:04-CV-00635-CVE-SAJ)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.


Pamela Ann Dover was convicted on February 25, 2002, by an Oklahoma

state-court jury of (1) manufacturing a controlled dangerous substance

(methamphetamine); (2) unlawful possession of marijuana with intent to

distribute; (3) possession of a firearm after former conviction of a felony; and (4)

unlawful possession of paraphernalia.  The Oklahoma Court of Criminal Appeals

(OCCA) affirmed her conviction on April 23, 2003.  After pursuing state-court

postconviction relief, Ms. Dover filed on August 17, 2004, in the United States

District Court for the Northern District of Oklahoma a pro se application for relief

under 28 U.S.C. § 2254.  The district court denied several claims on the merits

and ruled that others were procedurally barred.  Ms. Dover now seeks a certificate

of appealability (COA) to appeal that decision.  *See id.* § 2253(c) (requiring COA

to appeal denial of application). We deny her request for a COA and dismiss this appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Ms. Dover raised six claims for relief before the district court: (1) that she was convicted with evidence obtained by illegal search and seizure; (2) that her convictions for manufacturing methamphetamine and for possession of a firearm after a felony conviction violated the due process requirement that the State prove

guilt beyond a reasonable doubt; (3) that she received ineffective assistance of appellate counsel; (4) that the trial court violated her right to due process and a fair trial by refusing to sever her trial from her codefendant's; (5) that the trial court improperly instructed the jury to apply a sentencing-enhancement statute; and (6) that she was entitled to independent review of all claims because the OCCA's determinations were objectively unreasonable.

In her brief in this court Ms. Dover challenges only the legality of a search warrant that led to the discovery of evidence used against her at trial. But the district court ruled that this claim was procedurally barred, and Ms. Dover has not challenged the court's thorough analysis. No reasonable jurist could debate the district court's ruling.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge